[No. 14495.   Department One.   January 15, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Union Machinery & Supply Company, Plaintiff,* v. PAUL L. THOMPSON *et al., Defendants.*[1]

APPEAL — CONTEMPT—ORDER PENDING APPEAL—FAILURE TO OBEY. Where, notwithstanding a supersedeas bond pending appeal from the dismissal of an action in replevin, the defendants unlawfully took possession of the property, the supreme court, in aid of its appellate jurisdiction to preserve the rights of the parties pending appeal, may order return of the property, and punish for contempt of court upon failure to comply therewith.

Petition filed in the supreme court October 19, 1917, for an order adjudging defendants to be in contempt of court. Granted.

*R. A. Eaton,* for relator.

*Philip Tworoger,* for respondent.

WEBSTER, J.—This is a contempt proceeding, instituted by the filing of an affidavit therefor in this court on October 19, 1917, from which it substantially appears that, on September 11, 1916, the Union Machinery & Supply Company, a corporation, commenced a replevin action in the superior court for Kitsap county against defendant Paul L. Thompson to recover the possession of two donkey engines claimed as the property of the plaintiff therein, the possession of which was wrongfully withheld by the defendant; that the sheriff seized the property by virtue of the writ and undertaking of the plaintiff, and upon the failure of the defendant to execute an undertaking for its redelivery, the property was turned over to the plaintiff by the sheriff as provided by law; that the defendant's demurrer to the complaint was sustained and judgment entered dismissing the action, from which an appeal was taken to this court; that, in furtherance of such appeal and for the purpose of preserving its

[1]Reported in 169 Pac. 980.

right to the possession of the property, the plaintiff executed
a supersedeas bond, which was approved by the court and
filed in the cause; that, for convenience and economy, the
plaintiff, though retaining possession thereof, left the prop-
erty near the premises where it had been used by the defend-
ant prior to the execution of the writ by the sheriff; that,
on August 29, 1917, the judgment of the lower court was
reversed, and the cause remanded with instructions to over-
rule the demurrer to the complaint; that a petition for re-
hearing was filed, and the action still pending in this court
when this proceeding was instituted. The affiant further al-
leged that, during the pendency of the appeal, the defend-
ants herein unlawfully took possession of the property and
refuse to surrender possession thereof to the plaintiff.

Upon the filing of the affidavit, we made an order requir-
ing the defendants to tender to the Union Machinery & Sup-
ply Company the possession of the property where it stood,
within three days after the service of such order, and that
said company be permitted to remove the same from the
premises as soon as convenient; or that, if defendants failed
or refused to do so, to show cause before this court on No-
vember 2, 1917, or as soon thereafter as the matter could be
heard, why they should not be adjudged in contempt for
such failure or refusal. This order was served upon defend-
ant Tilton on October 20, 1917, and upon defendant Thomp-
son on October 24, 1917. The proceeding came on for hear-
ing on oral arguments on November 2, 1917, at which time
defendants were given further time in which to file affidavits
in support of their return to the show cause order, which
affidavits were filed on November 7, 1917.

From an examination of the showing made by the af-
fidavits, we are convinced that neither of the defendants has
complied with the order. There is no showing that any ten-
der of the property has been made or that defendants have
consented to the removal thereof by the plaintiff. Neither
has any sufficient excuse been made for such failure. It was

within the power of this court to make the order of October 19, 1917, in aid of its appellate jurisdiction, for the purpose of preserving the rights of the parties pending the appeal, and, since it clearly appears that the order has not been complied with, the defendants are in contempt.

It is therefore adjudged that the defendants, and each of them, are in contempt of this court, and a fine of $100 and the costs of this proceeding is hereby assessed against each of them. In view of the unsatisfactory condition of the record, however, the defendants may purge themselves of the contempt by serving upon the plaintiff in said replevin action a written tender of the property, together with their consent that the same may be removed from the premises by the plaintiff, and filing such writing, with proof of the service thereof, with the clerk of this court within ten days from the filing of this opinion, and by paying the costs of this proceeding.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.